# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| ANTHONY PAUL DIDLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08mc0158 |
| | ) | Judge Campbell |
| DEPUTY SHOOPMAN, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM

The plaintiff, proceeding *pro se* and *in forma pauperis*, is a prisoner in the Maryland Correctional Training Center in Hagerstown, Maryland. He brings this action under 42 U.S.C. § 1983 against: 1) Deputy f/n/u/ Shoopman of the Montgomery County Sheriff's Department; 2) The Montgomery County Jail; 3) the Montgomery County Sheriff's Department; 4) the Gateway Medical Center in Clarksville; and 5) the "Bone and Joint Group" in Clarksville. The plaintiff seeks money damages only, alleging that the defendants violated his rights under the Eighth Amendment.

The plaintiff alleges that Deputy Shoopman used excessive force when breaking up a fight "[o]n August 23, 08"[1] in which the plaintiff was involved. (Docket Entry No. 1, ¶ IV, p. 5) The plaintiff asserts that x-rays were taken at the Montgomery County Jail, following which he was transported to the Gateway Medical Center for further treatment. (Docket Entry No. 1, IV, p. 5) According to the plaintiff, the medical staff at the Gateway Medical Center recommended that he see "the Bone and Joint specialist in 5 days." (Docket Entry No. 1, ¶ IV, p. 5) The Plaintiff alleges that, when he was later treated at the "Bone and Joint Group," unnamed and unidentified members of the staff misled him into believing that he had not suffered any broken bones or lasting injuries.

---

[1] August 23, 2008 is clearly in error, as that date has yet to occur.

(Docket Entry No. 1, ¶ IV, p. 5)

To state a claim under § 1983, the plaintiff must allege and show: 1) that he was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). A complaint is frivolous and warrants dismissal when the claims "lack[] an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Claims lack an arguable basis in law or fact if they contain factual allegations that are fantastic or delusional, or if they are based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990). Although the courts are required to construe *pro se* complaints liberally, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, the "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

The plaintiff makes statements in the compliant that call the timeliness of this action into question. First, the plaintiff asserts: "I went to a CDL School ***Jan 07*** and moved to a new location trying to pay a lawyer but ***I thought the time frame to file was past already***." (Docket Entry No.

2

1, ¶ IV, p. 5)(emphasis added)  That the plaintiff has not made another error in chronology, as noted *supra* at p. 1 n. 1, is supported by a second statement in which he asserts that his "toe/left foot and wrist ha[ve] been in pain on and off for the past two years." (Docket Entry No. 1, ¶ IV, p. 5)

Congress did not establish a limitations period applicable to § 1983 actions.  Therefore, federal courts apply the state personal injury statute of limitations.  *See Owens v. Okure*, 488 U.S. 235, 249-250 (1989); *Wilson v. Garcia*, 471 U.S. 261, 280 (1985)(superseded by statute on other grounds as recognized in *Jones v. R.R. Donnelley & Sons, Co.*, 541 U.S. 369, 379-380 (2004)).  The statute of limitations for personal injury arising in Tennessee is one year.  Tenn. Code Ann. § 28-3-104(a)(3); *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005); *Dellis v. Corrs. Corp. Of Am.*, 257 F.3d 508, 511 (6th Cir. 2001).

Although the duration of the statute of limitations is governed by state law, federal standards govern when the statute begins to run. *See Wilson*, 471 U.S. at 267; *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir.1986).  Under federal law, the statute of limitations begins to run "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 857 (6th Cir. 2003); *see also Kelly v. Burks*, 415 F.3d 558, 561 (6th Cir. 2005); *Roberson*, 399 F.3d at 794.

Taking the plaintiff's two statements together, and counting back" two years" from July 8, 2008 when the plaintiff filed his complaint,[2] it becomes apparent that the plaintiff has been experiencing pain from his injuries since sometime in mid-2006.  This conclusion is supported by

---

[2] Documents filed by prisoners are deemed to have been filed on the date that the envelope in which those documents are mailed to the district court is stamped as having been delivered to the prison mail room. *See Richard v. Ray*, 290 F.3d 810, 813 (6th Cir. 2002).  The envelope in which the plaintiff mailed his complaint to the district court in this action is stamped as having been received in the prison mail room on July 8, 2008.  (Docket Entry No. 1, Attach. Env.)

3

a medical grievance that the plaintiff has attached to his complaint. In that grievance, filed on September 1 (no year indicated as to the date filed), the plaintiff writes: "The Doctor said come for further x-ray and hard cast in 5 days. Today makes 6 please check on this." (Docket Entry No. 1, Attach. Med. Griev.) The response to the grievance is signed and dated on "9-5-06," *i.e.* September 5, 2006, thereby establishing that the grievance was filed on September 1, 2006. (Docket Entry No. 1, Attach. Med. Griev.) Counting back the six days referred to in the grievance establishes that the alleged events that caused the plaintiff's injuries occurred on August 26, 2006.

Given that the excessive-force claim accrued on August 26, 2006, the plaintiff had until August 25, 2007 to bring that claim under § 1983. Because the plaintiff did not file this action until July 8, 2008, he did not raise his excessive-force claim in district court until more than ten (10) months after the statute of limitations had run.

It may well be that the plaintiff did not know, or have reason to know, until sometime later that he had an actionable claim against the Gateway Medical Center and/or the "Bone and Joint Group" for his medical care. However, the complaint is clear that the plaintiff believed as early as "Jan 07" that the statute of limitations for filing suit had run, the inference being that he was aware that he had a cause of action not later than that time frame. Assuming that January 31, 2007 – the date most advantageous to the plaintiff – was the actual date that the plaintiff knew, or had reason to know, that he had an actionable medical-care claim, then the plaintiff had until February 1, 2008 to file a complaint on those grounds. Because this action was not brought until July 8, 2008, the plaintiff brought his medical-care claim more than five (5) months after the one-year statute of limitations had run.

As explained above, this action was filed beyond the statute of limitations. The next question

4

is whether the statute of limitations ought to be tolled for equitable reasons.

The statute of limitations may be tolled in actions alleging civil rights violations.  *See e.g., Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988).  The Supreme Court likewise has recognized the doctrine of equitable tolling in civil rights cases, holding that statutory filing deadlines "should not be construed to erect a jurisdictional prerequisite to suit in the district court."  *Zipes v. Transworld Airlines, Inc.*, 455 U.S. 385, 397 (1982).  Rather, the statutory filing deadlines are more analogous to a limitations statute, "subject to waiver as well as tolling when equity so requires . . . ." *Id*. at 398.

The plaintiff does not assert that the statute of limitations should be equitably tolled, for equitable reasons or otherwise, nor can such an inference be liberally construed from the complaint. Consequently, the Court finds that it should not.

For the reasons explained herein, this action is barred by the one-year statute of limitations. Therefore, the complaint will be dismissed as frivolous.  *See Dellis*, 257 F.3d at 511 (claims barred by the statute of limitations are frivolous).

An appropriate Order will be entered.


Todd Campbell
United States District Judge

Case 3:08-mc-00158   Document 6   Filed 08/09/08   Page 5 of 5 PageID #: 29